UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-60264-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**FRED CARSWELL, JR.**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Fred Carswell III's[1] Motion Pursuant to 18 U.S.C. [Section] 3582(c) for Sentence Reduction Based on Retroactive Guideline Changes or Extraordinary and Compelling Reasons [ECF No. 349]. The Government filed a Response in Opposition [ECF No. 351], to which Defendant filed a Reply [ECF No. 355]. Defendant seeks a reduction in his sentence following amendments to the Sentencing Guidelines made effective November 1, 2023. (*See generally* Mot.; Reply). The Court has carefully considered the record and the parties' written submissions, and recent developments in the law. For the following reasons, the Motion is granted in part.

### I. BACKGROUND

Defendant was convicted on November 24, 2004 of conspiracy of distribution and possession with intent to distribute at least 35 grams, but less than 50 grams, of crack cocaine, in violation of 21 U.S.C. sections 841(a)(1) and 846; and knowingly and intentionally possessing

---

[1] Defendant indicates that his name is Fred Carswell III, not Fred Carswell Jr., as it appears on the docket. (*See* Mot. 6; Reply 1 n.1).

with intent to distribute at least 35 grams of crack cocaine, in violation of 21 U.S.C. section 841(b)(1)(B). (*See generally* Superseding Indictment [ECF No. 94]; Jury Verdict [ECF No. 180]).

At the time of his sentencing hearing, Defendant's base offense level under the Sentencing Guidelines was 34, but it was enhanced to a level 37 due to his role as a "manager or supervisor" of the offense. (Pre-Sentence Investigation Report ("PSI") ¶¶ 40–46; U.S.S.G. § 3B1.1(b)). Defendant was also a career offender because he had "at least two prior felony convictions for a controlled substance offense": felony trafficking in cocaine and possession of cocaine with intent to sell. (PSI ¶ 47; *see* U.S.S.G. § 4B1.1). Defendant had nine criminal history points and a Criminal History Category of IV, but because Defendant was a career offender, his Criminal History Category was VI. (*See* PSI ¶¶ 62–63; *see also id.* ¶¶ 50–61).

With a total offense level of 37, and a Criminal History Category of VI, Defendant's advisory Guidelines imprisonment range was 360 months to life, followed by 8 years of supervised release. (*See id.* ¶¶ 95, 97). The Court sentenced Defendant to the lowest end of his Guidelines range: 360 months' imprisonment followed by 8 years of supervised release. (*See* March 23, 2005 Sentencing Tr. [ECF No. 233-1] 38:9–16; *see generally* J. [ECF No. 212]).[2]

In 2015, Defendant filed a *pro se* motion [ECF No. 289] under 18 U.S.C. section 3582(c)(2) seeking to reduce his sentence under Amendment 782 to the Guidelines. (*See generally id.*). The Court denied the motion. (*See* Mar. 12, 2015 Order [ECF No. 293]).

In 2019, Defendant filed another *pro se* motion for sentence reduction [ECF No. 310], this time under section 404 of the First Step Act of 2018; he was appointed counsel who filed a Supplement [ECF No. 320] to the motion. The Court denied this motion as well, finding that

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings. Citations to hearing transcripts rely on the pagination and line numbering in the original document.

Defendant was ineligible for relief under section 404. (*See generally* Dec. 5, 2019 Order [ECF No. 330]). Defendant points out that the reasoning underlying the Court's decision was later rejected by the Eleventh Circuit in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020).[3] (*See* Reply 8). Because Defendant did not appeal the order denying his motion, however, his sentence remains in place. (*See id.*).

In 2020, Defendant filed another motion [ECF No. 340], making a variety of arguments related to his health and the COVID-19 pandemic. (*See generally id.*). The Court denied this motion. (*See* June 2, 2020 Order [ECF No. 341]). Finally, on September 17, 2023, Defendant filed the present Motion uncounseled. (*See* Mot. 24).[4] He obtained counsel before filing his Reply. (*See* Reply 41).

Defendant has now served over 20 years of his sentence and moves again for a reduction of his sentence. (*See generally* Mot.; Reply). He argues the Sentencing Commission's recent amendments, which took effect November 1, 2023, allow for his sentence to be reduced because it is an "unusually long sentence[,]" U.S.S.G. § 1B1.13(b)(6) (alteration added) "that would not likely be imposed today, given several intervening changes in the law that have together produced a gross disparity with his prior sentence" (Reply 10). According to Defendant, his sentence is "unusually long" because it is disparate to sentences imposed on defendants convicted of like

---

[3] The Supreme Court vacated and remanded *Jones* for further consideration following its decision in *Concepcion v. United States*, 597 U.S. 481 (2022). *See Lavell Jackson v. United States*, 143 S. Ct. 72, 73 (2022). Upon reconsideration, the Eleventh Circuit held "*Concepcion* did not abrogate the reasoning of [its] decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020)[.]" *United States v. Jackson*, 58 F.4th 1331, 1333 (11th Cir. 2023) (alterations added).

[4] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

offenses who — unlike Defendant — have been granted retroactive application of section 404 of the First Step Act. (*See* Reply 10–11 (citing *Jones*, 962 F.3d at 1301)).

Further, Defendant argues, because Congress revised the penalties associated with crack cocaine in 2010, Defendant "would not likely receive the same 30 year sentence, even as a [c]areer [o]ffender[,]" if he were sentenced today. (*Id.* 10 (alterations added)).[5] He asserts that today he would only have an offense level of 34; thus, with a Criminal History Category of VI, his advisory Guidelines range would be 262–327 months' imprisonment, rather than 360 months to life. (*See id.*). The Court agrees Defendant is eligible for some form of relief and explains its reasons below.

## II.  LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."[6] *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). As relevant here, under 18 U.S.C. section 3582(c)(1)(A), the Court may reduce a defendant's term of imprisonment if, after considering the factors under 18 U.S.C. section 3553(a), it finds "extraordinary and compelling reasons warrant such a reduction[] . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)

---

[5] Before he was represented by counsel, Defendant also made an argument that he was no longer a career offender. (*See* Mot. 14). He abandoned that argument in his Reply (*see* Reply 2 n.2), and the Court does not consider it.

[6] Under 18 U.S.C. section 3582(c), a court may modify a term of imprisonment only under the following scenarios: (1) where either "extraordinary and compelling reasons warrant such a reduction" or the defendant is at least 70 years old and meets other requirements, *id.* section 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* section 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission and other requirements are satisfied, *see id.* section 3582(c)(2).

(alterations added).⁷   A defendant bears the burden of showing he is eligible for a sentence reduction.  *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (citation omitted).

Congress has tasked the Sentencing Commission with "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction," instructing that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (alterations added).  Section 1B1.13 of the Sentencing Guidelines explains the "[e]xtraordinary and compelling reasons" justifying a sentence reduction.  U.S.S.G. § 1B1.13(b) (alteration added).  The Sentencing Commission currently lists six reasons; relevant here is whether "defendant received an unusually long sentence[.]" *Id.* at 1B1.13(b)(6) (alteration added).

Next, the section 3553(a) factors courts must consider "include . . . the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from the defendant's further crimes, and providing the defendant with appropriate correctional treatment." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (alteration added; citing 18 U.S.C. § 3553(a)).  "A district court must also take into consideration the 'nature and circumstances' of the offense and the 'history and characteristics' of the defendant." *Id.* (quoting 18 U.S.C. § 3553(a)(1)).  The Court should further "consider the types of sentences available, the applicable guideline range, any pertinent policy statement issued by the

---

⁷ As amended by the First Step Act of 2018, section 3582(c)(1)(A) allows a prisoner to move for a sentence reduction on his own behalf after he "has fully exhausted" his administrative remedies.  18 U.S.C. § 3582(c)(1)(A) (A prisoner may file a motion on his own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier[.]" (alterations added)); *see United States v. Bryant*, 996 F.3d 1243, 1250 (11th Cir. 2021).  The Government concedes Defendant exhausted his administrative remedies.  (*See* Resp. 3).

Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." *Id.* (citing 18 U.S.C. §§ 3553(a)(3)–(7)).

Constrained by this governing legal framework, the Court now turns to the parties' arguments.

### III. DISCUSSION

Defendant points to his unusually long sentence as an extraordinary and compelling reason justifying relief. (*See generally* Mot.; Reply). The Court is persuaded that his sentence is "unusually long," and Defendant qualifies for a sentence reduction.

Under the newly enacted amendments to the Sentencing Guidelines, defendants are eligible for release if they "received an unusually long sentence" (as Defendant here argues he has) and have "served at least 10 years of the term of imprisonment" (as Defendant here has). U.S.S.G. § 1B1.13(b)(6). Then, the Court may consider "a change in the law" to "determine[e] whether the defendant presents an extraordinary and compelling reason . . . where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id.* (alterations added).

The Commission elaborated in section 1B1.13(c) that "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."[8] *Id.* But "if a defendant otherwise establishes that extraordinary and

---

[8] While a nonretroactive change in the law cannot stand alone as an extraordinary and compelling reason, it is "a measuring stick for the Court to use to determine if the sentence defendant is serving is, in fact, unusually long[.]" *United States v. Ware*, --- F. Supp. 3d ---, No. 97-cr-00009, 2024 WL 1007427, at *7 (N.D. Ga. Mar. 6, 2024) (alteration added). The Court has the discretion to modify an unusually long sentence if the change in law created a gross disparity between the defendant's sentence and a similarly situated defendant's sentence in the present day. *See id.*; *United States v. Brown*, No. 95-cr-66, 2024 WL

compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*

Defendant insists his sentence is unusually long and grossly disparate from the sentences imposed on similarly situated defendants who received retroactive sentencing reductions under section 404 of the First Step Act. (*See* Reply 10–14). Defendant argues he would have received a considerably shorter sentence under section 404 and given Congress' revision of the crack cocaine penalties in 21 U.S.C. sections 841 and 851 in the Fair Sentencing Act. (*See id.*).

The Government opposes Defendant's Motion on several fronts. (*See generally* Resp.). First, the Government contends the Sentencing Commission exceeded its authority in promulgating this amendment to the Sentencing Guidelines. (*See* Resp. 8–17). In the alternative, the Government argues "Defendant cannot establish extraordinary or compelling reasons for a sentence reduction." (*Id.* 17). The Government does not address the section 3553(a) factors. (*See generally id.*). Upon careful consideration, including review of several recent trial court decisions, the Court disagrees with the Government's arguments.

A. **Validity of Sentencing Guideline Section 1B1.13(b)(6)**

First, the undersigned has joined the chorus of other district courts in this Circuit rejecting the Government's argument that the Sentencing Commission was without authority to enact this amendment. *See, e.g.*, *United States v. Franklin*, No. 95-cr-08089, Apr. 19, 2024 Order [ECF No.

---

409062, at *6 (S.D. Ohio Feb. 2, 2024) (holding that while section 1B1.13(b)(6) "does not give courts carte blanche to consider nonretroactive changes in the law[,]" courts may consider nonretroactive changes if the defendant's sentence is unusually long and the nonretroactive change created a gross disparity between the original sentence and the likely sentence today (alteration added)); *United States v. Padgett*, --- F. Supp. 3d ---, No. 06-cr-13, 2024 WL 676767, at *5 (N.D. Fla. Jan. 30, 2024) (stating that "changes in caselaw governing application of the guidelines, even if otherwise nonretroactive, *can* be considered" on whether there are extraordinary and compelling reasons for a sentence reduction (emphasis in original)).

1905] filed April 19, 2024 (S.D. Fla. 2024); *United States v. Cousins*, No. 92-cr-250, 2024 WL 1516121, at *4–5 (N.D. Ga. Apr. 4, 2024); *United States v. Colley*, No. 94-cr-7, 2024 WL 1516128, at *4 (N.D. Ga. Mar. 26, 2024); *Ware*, 2024 WL 1007427, at *7; *United States v. Shaw*, 95-cr-08094, Feb. 22, 2024 Order [ECF No. 260], Am. Judgment [ECF No. 261], Tr. [ECF No. 262] (S.D. Fla. Feb. 22, 2024); *United States v. Smith*, No. 99-cr-66, 2024 WL 885045, at *2 (N.D. Fla. Feb. 20, 2024); *United States v. Allen*, --- F. Supp. 3d ---, No. 09-cr-320, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024); *Padgett*, 2024 WL 676767, at *3.

"[T]he Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, [so] this Court can accept [section] 1B1.13(b)(6)'s validity and applicability." *Allen*, 2024 WL 631609, at *5 (alterations added). After all, "to curtail judicial discretion, the statute specifically directs the Commission to adopt a policy statement that defines 'extraordinary and compelling reasons.'" *Bryant*, 996 F.3d at 1255. The Eleventh Circuit has explained that the reason Congress requires the Sentencing Commission to establish such policy statements "is that it 'made the policy statement binding on courts by providing that a sentence may be reduced only where doing so is consistent with the Commission's policy statements.'" *Id.* (alterations adopted; citation omitted). Thus, the Court is following the consistent decree of the Sentencing Commission and — in line with several recent district courts before it — rejects the Government's argument that the Commission exceeded its limits.

### B. Applicability of Sentencing Guidelines Section 1B1.13(b)(6) to Defendant

Next, the Court considers Defendant's substantive argument that he is eligible for relief under the new Sentencing Guidelines amendment. According to Defendant, the changes in the law that have occurred since he was sentenced produce a "gross disparity" between (1) similarly situated defendants who received retroactive sentencing reductions under section 404 of the First

Step Act and (2) between his sentence and the sentence he would receive for the same crimes today. (*See* Mot. 10–14); U.S.S.G. § 1B1.13(b)(6).

The Court begins with the First Step Act, enacted in 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). As the Supreme Court explained in *Terry v. United States*, "[a]n offender is eligible for a sentence reduction under the First Step Act . . . if he previously received 'a sentence for a covered offense.'" 593 U.S. 486, 489 (2021) (alterations added; citation omitted)). A defendant has a "covered offense" under the First Step Act "if section two or three of the Fair Sentencing Act modified [the offense's] statutory penalties." *Jones*, 962 F.3d at 1298 (alteration added). The First Step Act applies retroactively. *See id.* at 1293.

As stated, Defendant was convicted of violating 21 U.S.C. section 841(b)(1)(B). (*See generally* Superseding Indictment; Jury Verdict). "[T]he Fair Sentencing Act modified the statutory penalties . . . for subparagraph (A) and (B) crack offenses"; thus, Defendant's conviction for violating section 841(b)(1)(B) is a covered offense, and Defendant would be eligible for a sentence reduction. *Terry*, 593 U.S. at 495.

The Court must next determine whether these changes in the law "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed[.]" U.S.S.G. § 1B1.13(b)(6) (alterations added). The undersigned agrees with another district court's conclusion that a gross disparity is one that is "glaringly noticeable." *Allen*, 2024 WL 631609, at *6. The undersigned also agrees with Defendant that a gross disparity exists here.

Under section 841(b)(1)(C), 30 years is the statutory maximum sentence, even for a career offender such as Defendant. *See* 21 U.S.C. § 841(b)(1)(C); *see also United States v. Williams*, 820 F. App'x 998 (11th Cir. 2020) (accepting that a career offender's sentence can be reduced under section 404); *Jones*, 962 F.3d at 1305 (same). And with a statutory maximum of 30 years rather

9

than life, Defendant's offense level as a career offender would be reduced to a level 34, rather than the level 37 that applied previously. *See* U.S.S.G. § 4B1.1(b)(2) (specifying an offense level of 34 for offenses with a statutory maximum of 25 years or more, but less than life). At a level 34 offense level, Criminal History Category VI, Defendant's advisory Guidelines range as a career offender today would be 262–327 months' imprisonment, rather than the 360–life range under which he was sentenced. This results in a difference of 98 months, or approximately 8 years, between the bottom of Defendant's original and the adjusted Guidelines ranges.

Considering Defendant's individual case and circumstances, an additional eight years of incarceration is a "glaringly noticeable" difference, *Allen*, 2024 WL 631609, at *6; and constitutes "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed," U.S.S.G. § 1B1.13(b)(6) (alteration added).

Even before the Sentencing Guidelines were amended, the Fourth Circuit already recognized that an "unusually long sentence" is an "extraordinary and compelling" reason for relief. *See United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020). Several district courts in that circuit further concluded that sentences with under *five* years' disparity were "unusually long" and warranted reduction. *See, e.g.*, *United States v. Miller*, No. 08-cr-01155, 2023 WL 7065545, at *4 (D.S.C. Oct. 26, 2023) (noting that "[c]ourts in [the Fourth C]ircuit have found differences of even one to two years to be a gross disparity sufficient to establish an extraordinary and compelling reason for compassionate release" (alterations added; collecting cases)); *United States v. Shaw*, No. 13-cr-00025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (finding a sentencing disparity of 22 months an extraordinary and compelling reason to warrant a sentence reduction). The Court therefore finds support for its conclusion that 8 years is a gross disparity in Defendant's case.

### C. Consideration of the Section 3553(a) Factors

While Defendant persuades the Court that he satisfies section 1B1.13(b)(6) of the Sentencing Guidelines, under 18 U.S.C. section 3582(c)(1)(A)(i), the Court may only reduce Defendant's term of imprisonment for extraordinary and compelling reasons after considering the factors set forth in 18 U.S.C. section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). Again, the section 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Bonilla-Tello*, 270 F. App'x 982, 985 (11th Cir. 2008) (citation omitted); *see* 18 U.S.C. § 3553(a).

Defendant states that, after 20 years in prison, he "has thoroughly rehabilitated himself[.]" (Reply 35 (alteration added)). The Government does not address the section 3553 factors at all in its Response. (*See generally* Resp.). "The Court is not required to expressly discuss all mitigating evidence or every [section] 3553(a) factor . . . . Instead, an acknowledgement by the Court that it has considered the [section] 3553(a) factors and the parties' arguments is ordinarily sufficient." *Allen*, 2024 WL 631609, at *8 (alterations adopted; other alterations added; citations and quotation marks omitted).

Defendant highlights that he is now 50 years old and a different man than he was when he was sentenced 20 years ago. (*See* Reply 38). Considering the time that has transpired since Defendant was sentenced, in combination with Defendant's personal growth and rehabilitation during his time in prison — including working to obtain his GED, completing over 50 self-

improvement courses to ready himself for release and prevent relapse, completing risk assessment courses, taking vocational training courses, maintaining a close relationship with his supportive family, and serving as a "model inmate" who "encourages and motivates other inmates on the importance of education and knowledge" — without contrary evidence from the Government, the Court will not preclude Defendant from relief under section 3553(a). (Reply 37 (citation omitted); *see also* Reply 35–42).

A reduction in sentence will not lessen Defendant's respect for the law and ability to reflect on his crimes. Defendant has served over 20 years in prison and "hopes to be able to continue to inspire others after he is released, by speaking with at-risk youth in juvenile facilities, and working to help other ex-felons provide service to their communities." (Reply 39). While Defendant's offense conduct was certainly serious, he has already served a lengthy sentence with minimal disciplinary action and assures the Court that he intends to abide by the law upon his release. (*See generally* Mot.; Reply).

In sum, a full assessment of the section 3553(a) sentencing factors confirms that a reduction in sentence will be "sufficient but not greater than necessary" to achieve the purposes of sentencing at this time. The Government makes no attempt to explain why a reduced sentence will not be sufficient to meet the section 3553(a) goals. *See Smith*, 2024 WL 885045, at *1 (granting a defendant's motion for sentence reduction where "the government [did] not deny that [the defendant] has already served a sentence sufficient to meet the 18 U.S.C. [section] 3553(a) sentencing purposes" (alterations added)).

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 349]** is **GRANTED in part**. The parties shall confer and contact the Courtroom Deputy to schedule a resentencing hearing, advising of the amount of time required on the Court's calendar and proposed deadlines for the filing of sentencing memoranda.

**DONE AND ORDERED** in Miami, Florida, this 10th day of May, 2024.

_____
**CECILIA M. ALTONAGA
CHIEF UNITED STATES DISTRICT JUDGE**

cc:  counsel of record
     U.S. Probation